# United States District Court

## WESTERN DISTRICT OF MICHIGAN

**UNITED STATES OF AMERICA**

V.

**WILLIAM MAURICE CURRY**

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 1:09-mj-22

In accordance with the Bail Reform Act, 18 U.S.C. §3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I - Findings of Fact

- [ ] (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is
  - [ ] a crime of violence as defined in 18 U.S.C.§3156(a)(4).
  - [ ] an offense for which the maximum sentence is life imprisonment or death.
  - [ ] an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____
  - [ ] a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C.§3142(f)(1)(A)-(C), or comparable state or local offenses.
- [ ] (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- [ ] (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).
- [ ] (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternate Findings (A)

- [ ] (1) There is probable cause to believe that the defendant has committed an offense
  - [ ] for which a maximum term of imprisonment of ten years or more is prescribed in _____
  - [ ] under 18 U.S.C.§924(c).
- [ ] (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternate Findings (B)

- [x] (1) There is a serious risk that the defendant will not appear.
- [ ] (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

Defendant is charged with failing to register as a sex offender in Michigan having been released in September 2008 from a New York state prison for aggravated sexual abuse with a victim under 11 years of age.

Defendant has no ties to Michigan other than a girl he has been living with for the past month and a half whom he met via telephone call through a friend, and who had no knowledge of his criminal history. Although defendant maintains he could go back and live with this woman, neither the defense nor the Pretrial Services office (continued on attachment)

### Part II - Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by a preponderance of the evidence that no condition or combination of conditions will assure the presence of the defendant for future court proceedings, in light of defendant's record of complete failure to abide by lawful supervision. He violated probation when he committed a sex offense. After that he was placed on parole three times and each time failed to comply with the conditions of his parole. He has allegedly failed twice to comply with the requirements that he register as a sex offender. (continued on attachment)

### Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: April 28, 2009

/s/ Hugh W. Brenneman, Jr.
*Signature of Judicial Officer*

Hugh W. Brenneman, United States Magistrate Judge
*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 *et seq.* ); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 *et seq.* ); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. §955a).

Case 1:09-cr-00138-RHB   ECF No. 9 filed 04/28/09   PageID.15   Page 2 of 2

United States v.  **WILLIAM MAURICE CURRY**
1:09-mj-22
**ORDER OF DETENTION PENDING TRIAL**
Page 2.

**Alternate Findings (B)** - (continued)

has been able to contact this woman.

The charge which sent defendant to prison in New York occurred while he was already on probation for a drug offense. Defendant was sentenced to 3 to 5 years in prison for the sex offense and during that time was placed on parole three times and had parole revoked three times for violations.  Defendant ultimately served his maximum sentence.  He also has a conviction for assault with intent to cause serious injury with a weapon.

Following his release from prison, defendant moved to Vermont, where he failed to register as a sex offender and where he entered the home of his ex-girlfriend without permission.  There is currently a warrant outstanding in Burlington on that charge.

It appears that on March 18, 2009, defendant was indicted in Oneida County, NY, for failing to register annually as a sex offender, and that indictment is outstanding.

Although defendant has reported past self-employment as a painter, he is presently unemployed, and has no income or assets.

**Part II - Written Statement of Reasons for Detention** - (continued)

He has a warrant outstanding in Vermont.  Finally, defendant has no meaningful ties to keep him in this district; indeed, he appears to have few ties to any district.